## J. B. McGEHEE v. W. A. FITTS.

1. TAX TITLE. *Right to have money refunded. Holder of title through sheriff's sale. Section 537, Code 1880.*

Section 537, Code of 1880, provides that where land is sold for taxes, when no taxes are due thereon, or it is not liable to be sold for taxes, the amount paid for such land, with interest and costs, shall be refunded by the county and State to the purchaser, or to the holder under him by purchase or descent, immediately or mediately. Under this statute, one

. who holds land by virtue of a sheriff's deed, made in pursuance of a sale under execution against him who purchased the land from the State and got a title which was bad, because based upon a sale for taxes when, no taxes were due on the land, is entitled to receive from the State and county the money paid out by the purchaser, with interest and costs.

2. SAME. *Nature of right to have money refunded.*

The right to receive back the money, interest and costs by the purchaser or holder of a bad tax title, as contemplated by the statute referred to, is an incident of the land, runs with it.

3. SAME. *Right to have money refunded, transferable by attachment. Action against one having asserted such right.*

And the levy of an attachment upon land thus held, followed by a sale and conveyance by the sheriff, transfers the right to the money paid out for the tax title, with interest and costs, as of the date of the attachment; and where the defendant in attachment, after that date, conveyed the land to a third person, who collected such money, interest and costs, the purchaser under the attachment proceedings may recover the same in an action against the defendant's vendee, for money had and received.

APPEAL from the Circuit Court of Wilkinson County.

HON. J. B. CHRISMAN, Judge.

In August, 1883, W. A. Fitts and one Alston jointly purchased from the state certain land held under a sale for taxes. In January, 1884, J. B. McGehee sued out an attachment against Alston and caused the same to be levied on his interest is this land. In March, 1884, Alston conveyed his interest in this land to Fitts, the latter having full knowledge of the levy of the attachment of McGehee thereon. It having been discovered that no taxes were due on this land when sold to the state, and that the state acquired no title by virtue of the sale, in March, 1885, Fitts applied to the proper authorities and was paid back the purchase money thereof and the damages allowed by Sec. 537, Code of 1880.

McGehee prosecuted his attachment suit and judgment was rendered in his favor in April, 1887. The land was sold under the judgment in attachment and McGehee became the purchaser thereof. Thereupon he instituted this action of assumpsit against Fitts to recover the money collected by the latter because of the bad title conveyed to him and Alston, as above stated, as

for money had and received by the defendant for the use and benefit of the plaintiff. The plaintiff set out in his declaration the facts set forth above. The defendant demurred to the declaration, the court below sustained the demurrer, and judgment final was rendered for the defendant.

The plaintiff appealed.

*D. C. Bramlett,* for the appellant.

1. Appellant having acquired Alston's interest by purchase—mediatively—by the agency of his attachment, levy, judgment, sale, and deed, is entitled to one-half of the purchase money, and but for appellee having received the whole could now collect the same from the state and county of Wilkinson. And appellee having received with notice, and appropriated appellant's money, a cause of action has accrued, and judgment should be rendered in accordance with the declaration and account sued on.

2. The form of action was questioned in the court below, but appellant presented his case under Sec. 1536, Code of 1880, and it is unimaterial what it is called.

*J. H. Jones,* for the appellee.

The declaration showed that defendant was not indebted to plaintiff. There was no privity of contract between them; there was no express contract between them, and there could not be an implied one. Fitts and McGehee were strangers during the entire proceeding, and continued to be strangers until they are forcibly introduced in this somewhat remarkable proceeding at law.

The debt claimed to be due did not arise from any contract, express or implied, and was not such a claim as would support attachment. McGehee could not, by attaching Alston, drag his co-tenant into anything like an implied contract to pay Alston's debts. *Fellows* v. *Brown,* 38 Miss., 543; Drake on Attachments, secs. 14 to 22; 1st Waites Actions and Defences, p. 412, 11; Code, sction 2414.

If Fitts owed Alston anything he might have been garnisheed, or Alston's interest in the purchase money might have been garnisheed in the hands of private persons after it was ascertained that the titles were defective; but nufortunately

the money being in the hands of officials was beyond the reach of garnishment; and therefore Alston could assign his right to it at any time; and this is exactly what he did do by selling the land to Fitts, and permitting Fitts to collect the money, and keep it. There is no method known to the law by which Mc-Gehee could have acquired the slightest interest or claim to this purchase money by levying an attachment on the land held under a void deed.

If it is contended that the half interest in a mere equitable or legal right to recover back the purchase money on failure of consideration, was a subject of attachment or of garnishment, *Buckley* v. *Daly* disposes of this in 45th Miss. 345.

CAMPBELL, J., delivered the opinion of the Court.

By Sec. 537 of the Code the purchaser of the land or the holder under him by descent or purchase was entitled to have the purchase money refunded by state and county. The purchaser, if he had not conveyed the land he had purchased, was entitled under the statute, and the holder under him of the land was entitled to the money from state and county, respectively, if he had parted with his interest

The right is an incident of the land, *runs with it*, in the language of the books as to covenants. It makes no difference whether the holder acquires by the conveyance of the purchaser from the state or by the conveyance of the Sheriff under judgment and execution against him. In either case he is holder under him.

McGehee by his purchase and the conveyance of the sheriff acquired the right of Alston as to the land as of the date of the levy of the attachment, and the transfer by Alston of his interest and right to Fitts after the levy of the attachment was not effective to prejudice the rights of McGehee thus acquired, and after the levy of the attachment Alston could not transfer any right to the land or incident to it. His transfer did not give Fitts any right to his share of the money obtainable from the state and county. But Fitts by the use of the transfer from Alston was enabled to, and did get from the state and county the money paid for the land by himself and Alston. As to so

---

---

much of this money as he was able to get as tranferree of Alston he is liable to McGehee, the holder of the title of the land under Alston.

He has money in his hands which *ex equo, et bono*, he is not entitled to retain from McGehee, and which he obtained from the state and county in the character of assignee of the right of Alston, after his right had become affected by the lien of the attachment.

There are cases which deny the right to maintain an action for money received under such circumstances, but we prefer to follow those which sustain the action in such cases.

*Reversed and remanded for a new trial.*