ACKER *v.* SPENCER *et al.*

(Division B. June 5, 1933.)

[148 So. 633. No. 30681.]

Anderson, Wheeless & Weil, of Jackson, for appellant.

**E. S. & J. T. Drake,** of Port Gibson, for appellees.

Argued orally by **R. B. Anderson**, for appellant, and by **J. T. Drake**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

Dr. George W. Acker, in 1928, bought a deed of trust from a Port Gibson bank, which had been executed in its favor by the appellees, Lillie M. and M. J. Spencer, and which conveyed land that actually lay in one district of Claiborne county, but had formerly been located in another district of said county, and owing to the change in the boundary of the district, it fell into another district. Apparently, without noting the change in the boundary, this land was assessed for local taxes in the original district where it formerly lay.

After his purchase of the deed of trust from the bank, in 1928, Dr. Acker paid the taxes for that year upon this land, and afterwards filed with the auditor and attorney-general a claim for a refund of all taxes paid on said land for local district taxes from 1923 to 1928, both inclusive. The amount of this claim was audited and approved by the auditor and attorney-general under our refund statute. Dr. Acker foreclosed the mortgage or deed of trust purchased by him at a trustee's sale in

1930, at which sale he actually bid in the land for five thousand dollars. The deed of trust called for something over ten thousand dollars, but at the time of the foreclosure there was due thereon something more than five thousand dollars, but less than six thousand dollars. Dr. Acker, at the suggestion of his attorney, had the trustee to recite the bid for the full amount on the face of the deed of trust, to-wit, ten thousand five hundred dollars.

After this land had been sold under the deed of trust, the appellees, Lillie M. and M. J. Spencer, filed a claim with the board of supervisors for a refund of taxes due them for each of said years. The board of supervisors, conceding that some one was entitled to a refund, paid the money into court and had the parties impleaded as to who was entitled to it.

On the hearing, the circuit judge decided that Dr. Acker was entitled to the taxes for 1928 alone, and that the appellees were entitled to a refund for the other years. It appeared in the hearing that for the years 1926 and 1927 the appellees had borrowed money from the bank with which to pay the taxes, giving the bank security therefor, and using the money so secured in the payment of the taxes.

We do not think that the fact that the money was borrowed from the bank cuts any figure in the right of the appellees to a refund for the years 1926 and 1927. It is true the bank had the right to pay the taxes on land secured by its deed of trust, and to foreclose in case of failure to repay the bank, but that was not done in this case. When the bank loaned the Spencers the money, taking their note and security, that money then became the property of the Spencers, and it was their property when the taxes were paid.

We think the court below was correct in deciding that the Spencers were entitled to all the taxes for all the

years, except 1928, and that Dr. Acker was entitled to a refund of taxes for that year alone.

The appellant relies upon the case of McGehee v. Fitts, 65 Miss. 357, 4 So. 93, construing section 537, Revised Code of 1880, reading, in part, as follows: "If land shall be sold for taxes when no taxes are due on it, or it is not liable to be sold for taxes, the sum paid by the purchaser for the amount of his bid, and the costs of the sale and conveyance, with six per cent. interest per annum, shall be refunded to him; or to the holder under him, by descent or purchase, immediately or mediately." The court in that case held that the right to a refund on the facts there involved went with the conveyance, as seems to be expressly provided in the latter clause just quoted.

However, this statute has been changed and this clause has been eliminated. The statute, as it now exists, section 3276, Code of 1930, provides that if taxes are paid in error, the auditor, after proper proceedings, shall issue payment to be made to the proper claimant. Under this statute, there could be no rights, following from a conveyance of the land, for a refund of taxes paid which were not due or chargeable to it. A tax refund should be due to the party who paid the tax. The land was not liable to the tax, and, of course, the party paying the money is entitled to its recovery, regardless of who then owns the land.

The auditor and the attorney-general should not approve a claim for refund except to a person who has actually paid the taxes, or to those who have received a lawful assignment of the right to the refund.

The judment of the court below will be affirmed.

Affirmed.